1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   D'ANGELO L. ROGERS,                    No.  2:19-cv-01656 MCE AC P

12                  Petitioner,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   DAVID BAUGHMAN,

15                  Respondent.

16

17            Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

18   writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On October 29, 2019, respondent filed

19   and served a motion to dismiss this action on the ground it was filed after expiration of the one-

20   year statute of limitations.  ECF No. 17.

21            This court previously informed the parties that if the response to the petition was a

22   motion, "petitioner's opposition or statement of non-opposition to the motion shall be filed and

23   served within thirty (30) days after service of the motion."  ECF No. 9 at 2.  According three

24   additional days for service of respondent's motion on petitioner by mail, see Fed. R. Civ. P. 6(d),

25   the deadline for petitioner to submit his opposition to prison authorities for mailing[1] was Monday,

26   _____

27   [1] Under the prison mailbox rule, a document is deemed served or filed on the date it was signed
     by the prisoner and given to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266
28   (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir.
     2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

                                              1

1   December 2, 2019.[2]

2       Had petitioner timely submitted his opposition for mailing by December 2, 2019, it would

3   have been received by the court by now, more than two weeks later.  It is clear to the undersigned

4   that petitioner has failed to oppose respondent's motion.

5       Petitioner is informed of the following legal authority.  Local Rule 230(l) provides:

6   "Failure of the responding party to file written opposition or to file a statement of no opposition

7   may be deemed a waiver of any opposition to the granting of the motion."  Local Rule 110

8   provides that failure to comply with the Local Rules "may be grounds for imposition of any and

9   all sanctions authorized by statute or Rule or within the inherent power of the Court."  Rule 41(b),

10  Federal Rules of Civil Procedure, authorizes the dismissal of an action due to petitioner's failure

11  to prosecute.

12      Pursuant to this authority, the undersigned will recommend that this action be dismissed

13  without prejudice for failure to prosecute.  Fed. R. Civ. P. 41(b).  Petitioner will be provided

14  twenty-one (21) days to file and serve objections.  Should petitioner file objections, he shall

15  simultaneously file and serve his opposition to respondent's motion.

16      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without

17  prejudice for failure to prosecute, Fed. R. Civ. P. 41(b).

18      These findings and recommendations are submitted to the United States District Judge

19  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."   If petitioner files

23  objections, he shall also file and serve his opposition to respondent's pending motion to dismiss.

24  ////

25  ////

26

27  _____
    [2] The last day of this period expired on Sunday, December 1, 2019.  Under Fed. R. Civ. P.
    6(a)(1)(C), when a deadline falls on a weekend or legal holiday, it is continued to the end of the
28  next day that is not a Saturday, Sunday or legal holiday.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE